1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARTIN JAMES KIPP,       )    CASE NO. CV 99-4973 ABC

       Petitioner,      )    **DEATH PENALTY CASE**

       v.              )

ROBERT L. AYERS, JR.,      )    PROTECTIVE ORDER
    Warden, California State Prison
    at San Quentin,         )

       Respondent.    )
                   )

Petitioner and respondent are unable to agree on the language of a protective order to effectuate the principle that "district courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege." *Bittaker v. Woodford*, 331 F.3d 715, 727-28 (9th Cir. 2003) (en banc). Accordingly, after considering the parties' arguments, and their various proposed orders, the Court hereby enters the following protective order regarding (1) privileged[1] documents and other materials from trial counsels' files in

---

[1] In this order, "privileged" means communications or information protected from disclosure by the attorney-client privilege or the work product doctrine. *See Bittaker*, 331 F.3d at 721-22 & n.6.

the Orange County and Los Angeles County cases[2] that petitioner is ordered to produce to respondent in this habeas corpus action; (2) any privileged testimony provided at the evidentiary hearing in this matter; and (3) any reference to such privileged material or testimony in any document submitted to the Court that reveals the substantive content of the privileged matter:

1.      Petitioner shall produce the Orange County and Los Angeles County trial counsels' files, including the files of other defense team members, to respondent, and such discovery shall be subject to this Protective Order and shall remain confidential.  The Court has not ordered that the evidentiary hearing in this action be closed to the public, but any privileged testimony at the hearing by petitioner, petitioner's experts, trial counsel, or any trial defense team member or other witness shall be subject to this Protective Order and shall remain confidential and sealed.

2.      All privileged material produced to respondent in this action, Case No. CV 99-4973-ABC, and all privileged testimony, may be used only for purposes of litigating this habeas corpus proceeding by (a) petitioner and the members of his legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to this habeas case, Case No. CV 99-4973-ABC, by the Office of the Federal Public Defender, and persons retained by petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) respondent and the members of his legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to this habeas case, Case No. CV 99-4973-ABC, by the California Department of Justice, Attorney

---

[2]  The "Orange County case" refers to this federal habeas action, Case No. CV 99-4973-ABC, challenging the judgment rendered in Orange County Superior Court Case No. C-56472, which was affirmed on appeal in *People v. Kipp*, 18 Cal. 4th 349, 75 Cal. Rptr. 2d 716 (1998).  The "Los Angeles County case" refers to petitioner's other federal habeas action, Case No. CV 03-8571-PSG, challenging the judgment rendered in Los Angeles County Superior Court Case No. A028286, which was affirmed on appeal in *People v. Kipp*, 26 Cal. 4th 1100, 113 Cal. Rptr. 2d 27 (2002).

General's Office, and persons retained by respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants, and expert witnesses. This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

3.    Except for disclosure to the persons and agencies described in Paragraph 2, disclosure of the contents of the privileged documents and testimony and the documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without a prior order from this Court authorizing such disclosure. If respondent contends that he needs to disclose petitioner's privileged material to outside prosecutorial agencies, outside law enforcement personnel, experts, consultants, deponents or witnesses in order to investigate or respond to petitioner's habeas claims in this action, Case No. CV 99-4973-ABC, respondent shall provide to petitioner's counsel (a) the identity of the individual(s) to whom access is going to be provided and (b) respondent's reasons therefore. Petitioner shall then notify respondent within three court days of his non-opposition or objection to respondent's proposal. If petitioner objects to respondent's proposal, and if the parties cannot resolve their differences within four additional court days, petitioner shall provide his written objection to respondent within four further court days. Respondent shall file and serve a document containing petitioner's objections and respondent's responses within four additional court days. The Court shall rule on petitioner's objections before the privileged materials are disclosed. Any person obtaining access to the privileged material pursuant to this process shall also be given a copy of this Protective Order and shall sign a statement agreeing to be bound by the terms of this Protective Order.

4.    Documents and testimony that petitioner contends are privileged shall be clearly designated as such by labeling the documents or testimony in a manner

3

1   that does not prevent reading the text of the document.

2        5.    All documents and testimony designated as privileged by petitioner

3   that are submitted to this Court in this case shall be submitted under seal in a

4   manner reflecting their confidential nature and designed to ensure that the

5   privileged material will not become part of the public record.  At the evidentiary

6   hearing in this matter, privileged testimony shall be clearly designated as such by

7   marking the transcripts of the proceeding.  Any pleading, deposition transcript,

8   discovery response or request, or other papers served on opposing counsel or filed

9   or lodged with the Court that contains or reveals the substantive content of the

10  privileged matter shall be filed under seal, and shall include a separate caption page

11  that includes the following confidentiality notice or its equivalent:

12                      "<u>TO BE FILED UNDER SEAL</u>

13

14  THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER (DKT. NO. ___) AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED

15  OR DISCLOSED"

16       6.    If privileged documents or documents containing privileged matters

17  are filed with this Court, they shall be filed with the Clerk of this Court in sealed

18  envelopes prominently marked with the caption of the case and the foregoing

19  confidentiality notice.  The Clerk of the Court is directed to maintain the

20  confidentiality of any documents filed in accordance with the above.  Insofar as

21  reasonably feasible, only confidential portions of the filings shall be under seal,

22  and the parties shall tailor their documents to limit, as much as is practicable, the

23  quantity of material that is to be filed under seal.  When a pleading or document

24  contains only a limited amount of privileged content, a party may file a complete

25  copy under seal and at the same time file in the public record an additional,

26  redacted version of the document, blocking out the limited matter comprising the

27  confidential portions.

28       7.    Petitioner's disclosure of the Orange County and Los Angeles County

4

trial counsels' files in this action, and any privileged testimony by petitioner or members of petitioner's trial team or other witnesses at the evidentiary hearing in this case does not constitute a waiver of the attorney-client privilege or the work product doctrine in the event of any retrial in the Orange County or Los Angeles County cases, or a waiver regarding production of these files in the Los Angeles County habeas action, Case No. CV 03-8571-PSG.

8.      This Protective Order does not apply to material previously disclosed in any unsealed document that petitioner lodged or filed in this Court before entry of this order.

9.      When the Court rules on petitioner's habeas claims, it will be required to balance petitioner's need to maintain the confidentiality of privileged material against the public's right of access to court records. *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1134-36 (9th Cir. 2003); *San Jose Mercury News v. United States District Court*, 187 F.3d 1096, 1101-1103 (9th Cir. 1999). Even if there are compelling reasons to maintain the confidentiality of the parties' documents and testimony that were filed under seal, *cf. Foltz*, 331 F.3d at 1136, "the public interest in understanding the judicial process," *id.* at 1135, must be taken into consideration when the Court issues dispositive orders. The Court must publicly explain its reasons when it rules on petitioner's claims of federal constitutional error. In doing so, the Court will not disclose confidential material unnecessarily. *Cf. Anderson v. Calderon*, 232 F.3d 1053, 1097 (9th Cir. 2000) (declining to quote from record of sealed hearing). However, it is impossible at this juncture, before seeing the evidence, to estimate the extent to which the Court will need to discuss privileged material in future orders. Before issuing orders that publicly discuss material covered by this protective order, the Court will give the parties an opportunity to be heard on this issue.

10.     This order shall continue in effect after the conclusion of these habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any

portion of either of petitioner's criminal cases, Orange County Superior Court Case No. C-56472 and Los Angeles County Superior Court Case No. A028286.  Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

IT IS SO ORDERED.

Dated:  October 31, 2008

_____
AUDREY B. COLLINS
United States District Judge